IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JEROME JONES (TDCJ No. 1169005), | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. **3:19-CV-2842-L** |
| LORIE DAVIS, DIRECTOR, TDCJ-CID; D. MUNIZS; K. HUTROL; B. JOHNSON; and S. JACKSON, | § § § § | |
| Respondents. | § § | |

## **ORDER**

On December 4, 2019, United States Magistrate Judge David Horan entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4), recommending that the court dismiss without prejudice this action as barred by the three-strikes provision in 28 U.S.C. § 1915(g) because Petitioner has not paid the $400 filing fee by the court-ordered deadline. Petitioner has not paid the required filing fee, and no objections to the Report were filed.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. The court, therefore, **dismisses without prejudice** this action pursuant to 28 U.S.C. § 1915(g) and for the other reasons set forth in the Report. The court also **denies as moot** Petitioner's Application to Proceed *In Forma Pauperis* ("IFP") (Doc. 3), filed November 27, 2019.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and

Order – Page 1

n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Petitioner, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is $505. Because Petitioner has accumulated three strikes, he cannot file any new lawsuit or appeal, as long as he is incarcerated, without first prepaying the filing fee, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Petitioner has not made the required showing of imminent danger of a serious physical injury in this case. Therefore, he cannot take advantage of the initial partial payment provision of Section 1915. Accordingly, if Petitioner appeals, he must pay the $505 fee in full immediately. As provided above, however, Petitioner may challenge this determination by filing a separate motion to proceed *in forma pauperis* on appeal, with the Fifth Circuit, within 30 days of this order.*

---

* To the extent Petitioner seeks habeas relief, Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

**It is so ordered** this 31st day of December, 2019.

_____
Sam A. Lindsay
United States District Judge